**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-13279

Non-Argument Calendar

_____

JAMILA HAMBRICK,

As administrator of the estate of
Derrick Khalid Hambrick,

*Plaintiff-Appellant,*

*versus*

WELLS FARGO BANK, N.A. Inc.,

*Defendant-Appellee,*

MAURICE B. WATSON,

*Defendant.*

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03509-MLB

_____

Before ROSENBAUM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Jamilia Hambrick, as the administrator of the estate of Derrick Halid Hambrik, sued Defendant-Appellee Wells Fargo Bank, N.A. (Wells Fargo) for violating Georgia's dram shop act, O.C.G.A. § 51-1-40(b), by serving Wells Fargo's employee Maurice Watson alcoholic beverages when it knew Watson was intoxicated and would be driving a motor vehicle. Watson's intoxication while driving caused Derrick Hambrick's death. The district court granted summary judgment for Wells Fargo, finding that Watson's statement about where he had been the night of the accident was inadmissible hearsay and no evidence supported that Wells Fargo served alcohol to Watson. After careful review, we affirm.

**I.**

In August 2019, Watson was driving when he veered off the road and struck Hambrick's vehicle. Hambrick died as a result of that accident. Officer Brandon Simpson arrived on the scene and spoke with Watson, who said that "he was coming from a work function" after consuming two whiskies and it had been over "an hour and half since he consumed those beverages." Officer Simpson noticed that Watson showed the standard signs of driving under the influence and recognized a strong odor of alcohol coming from Watson. Officer David Meeks then arrived on the scene and noticed Watson's behavior, but Watson would not speak with Officer Meeks. Watson was charged with driving under the influence.

Watson worked for Wells Fargo as a beverage financing relationship manager at the time of the accident. Watson resigned in 2022 but never told Wells Fargo about the accident.

In her individual capacity, Hambrick sued Wells Fargo for wrongful death. In her capacity as the administrator of Derrick Hambrick's estate, she sued for pain and suffering, funeral and burial costs, and medical expenses. The estate's claim was based on the Georgia dram shop act,[1] which imposes liability on those who overserve alcohol to someone noticeably intoxicated and soon to be driving. The district court dismissed Hambrick's individual claim of wrongful death, but the remaining claims proceeded through discovery.

---

[1] Georgia's dram shop act provides that:

> A person who sells, furnishes, or serves alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury, death, or damage caused by or resulting from the intoxication of such person, including injury or death to other persons; provided, however, a person who willfully, knowingly, and unlawfully sells, furnishes, or serves alcoholic beverages to a person who is not of lawful drinking age, knowing that such person will soon be driving a motor vehicle, or who knowingly sells, furnishes, or serves alcoholic beverages to a person who is in a state of noticeable intoxication, knowing that such person will soon be driving a motor vehicle, may become liable for injury or damage caused by or resulting from the intoxication of such minor or person when the sale, furnishing, or serving is the proximate cause of such injury or damage.

O.C.G.A. § 51-1-40(b).

During discovery, Watson was deposed twice. In his depositions, Watson testified that he was not working that night nor leaving a work-sponsored event but had rather spent the evening networking. Watson could not remember who he was with or where he was before the accident but said that he could not have been at a work event because he would have used his company credit card, which had no charges from that night. Wells Fargo's corporate representative testified that Wells Fargo did not host an event on that day, or even the next day. Typically, Wells Fargo would keep records of work events, such as contracts with a caterer or vendor, including events that served alcohol. There is no evidence of records from the days in question about a work event.

Wells Fargo moved for summary judgment, which Hambrick opposed. Wells Fargo asserted that Watson's statement to police that he was coming from a work function was hearsay and could not be considered, resulting in Hamrick's claim failing as a matter of law. The district court agreed and entered summary judgment in Wells Fargo's favor. Hambrick timely appealed.

## II.

"We review the district court's rulings on the admission of evidence for abuse of discretion." *Furcron v. Mail Centers Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016). "An abuse of discretion occurs where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *United States v. Jayyousi*, 657 F.3d 1085, 1113 (11th Cir. 2011) (internal quotation marks omitted).

We review de novo the district court's grant of summary judgment, viewing all facts in the light most favorable to the non-moving party. *Morales v. Zenith Ins. Co.*, 714 F.3d 1220, 1226 (11th Cir. 2013). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III.

Hambrick argues that the district court erred in two ways. First, the district court incorrectly found that Watson's statement that he was coming from a work function was inadmissible hearsay. Second, even without Watson's statement, the district court erred in finding that there was not a genuine issue of material fact as to whether Wells Fargo served Watson alcohol before the accident. We will address each argument in turn.

### *A.*

Hambrick argues that Watson's statement should have been admissible because it met at least one of three exceptions to the hearsay rule.

Under the Federal Rules of Evidence, hearsay is an out-of-court statement offered into evidence "to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Generally, hearsay is not admissible at trial. Fed. R. Evid. 802. But there are also several exceptions under which hearsay may be admissible. *See* Fed. R. Evid. 803; Fed. R. Evid. 804. "Hearsay within hearsay is not excluded by the rule against hearsay if each part of

the combined statements conforms with an exception to the rule." Fed. R. Evid. 805.

In considering a motion for summary judgment, a district court generally cannot consider inadmissible hearsay. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012). But the district court may consider a hearsay statement at the summary judgment stage "if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id.* at 1293–94 (quotation marks omitted). Thus, for the court to consider Watson's statement, Hambrick must provide show that it would meet a hearsay exception.

First, Hambrick argues that Watson's statement was part of the police report, a public record, and thus not subject to the hearsay rule under Federal Rule of Evidence 803(8). Hambrick is correct that public records are an exception to the hearsay rule. But "[f]or the exceptions to apply, the report must contain factual findings that are based upon the knowledge or observations of the preparer of the report, as opposed to a mere collection of statements from a witness." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1278 (11th Cir. 2009) (internal quotation marks omitted). "It is well established that entries in a police report which result from the officer's own observations and knowledge may be admitted but that statements made by third persons under no business duty to report may not." *Id.* (quotation marks omitted). Even though Officer Meeks wrote Watson's statement in the report, it was not Officer Meek's own observation, but a statement by Watson, who was

24-13279               Opinion of the Court                    7

under no duty to report.  Thus, the public records exception does not apply to Watson's statement.

Second, Hambrick argues that the statement was against Watson's interest and thus is not subject to the hearsay rule under Federal Rule of Evidence 804(b)(3).  A statement against the declarant's own interest is where

> a reasonable person in the declarant's position would have made only if the person believed it to be true because, when made, it was so contrary to the declarant's proprietary or pecuniary interest or had so great a tendency to invalidate the declarant's claim against someone else or to expose the declarant to civil or criminal liability.

Fed. R. Evid. 804(b)(3)(A).  But "Rule 804(b)(3) only applies where the declarant is unavailable" as explained in Rule 804(a).  *United Techs. Corp.*, 556 F.3d at 1280.  "The burden of proving that the declarant is unavailable is on the statement's proponent."  *Carrizosa v. Chiquita Brands Int'l, Inc.*, 47 F.4th 1278, 1309 (11th Cir. 2022).

At the district court, Hambrick argued that "Watson's confession regarding having just left a work event (where he had clearly been drinking) is a statement against interest, which is an exception to the rule against hearsay pursuant to Federal Rule of Evidence 804(b)(3)."  The district court found that Hambrick did not meet his burden that Watson was unavailable, instead finding that there was clear evidence in the record—two depositions—that Watson was available and could be called at trial.

Now on appeal to combat the district court's determination, Hambrick asserts that Watson is unavailable under Rule 804(a)(3) because he "testifies to not remembering the subject matter" by switching up his story in saying that he cannot recall exactly where he was coming from but only that it was not a work event.  "Rule 804(a)(3) applies only if the declarant is unable to remember the subject matter, i.e., if he has no memory of the events to which his hearsay statements relate." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1317 (11th Cir. 2013) (internal quotation marks omitted).  Watson recalls his conversation with the officers, and disputes that he was at a work function.  Watson suggests instead that the officers misheard him because he was slurring his words and mistook the "networking" aspect of his answer for a work function.  This shows that Watson has memories of the events and thus is not unavailable under Rule 804(a)(3).  Thus, Hambrick has failed to show that Watson is unavailable for Rule 804(b)(3) to apply to Watson's statement.

Lastly, Hambrick argues that the district court should have found that Watson's statement met the requirements for the residual exception under Federal Rule of Evidence 807.  A hearsay statement may still be admitted even though it could not be excluded under the normal rules if: (1) "the statement has equivalent circumstantial guarantees of trustworthiness;" and (2) "it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts." Fed. R. Evid. 807(a).  Congress intended for this exception to be used "only in exceptional circumstances" such as "when certain exceptional

guarantees of trustworthiness exist and when high degrees of pro-bativeness and necessity are present." *United Techs. Corp.*, 556 F.3d at 1279. To determine whether these circumstantial guarantees exist, courts consider factors such as "the probable motivation of the declarant in making the statement, the circumstances under which the statement was made, the knowledge and qualifications of the declarant, and the existence of corroborating evidence, among others." *Rivers v. United States*, 777 F.3d 1306, 1315 (11th Cir. 2015) (citation modified).

The district court found that Watson's statement was not trustworthy nor that it was more probative than other evidence about Watson's whereabouts before the accident. Hambrick asserts that the statement is trustworthy because it was made close in time to the accident, unlike Watson's statements after litigation commenced. While Hambrick is correct that statements made at the same time as the events can signify trustworthiness, *see United States v. Reme*, 738 F.2d 1156, 1168 (11th Cir. 1984), the other facts—notably Watson's demeanor after the accident, including slurring of his words and his unsteadiness—cut against this being a trust-worthy statement. As for whether Watson's statement is more probative than the other evidence, we agree with the district court's conclusion that it is not more probative. Watson's single remark about "coming from a work function" is eclipsed by the lack of corroborating evidence that Wells Fargo had an event that

night[2] or that Watson was networking within his role for Wells Fargo the night of the accident.  Thus, we are not left with a "definite and firm conviction that the court made a clear error of judgment" in not applying the residual exception.  *Rivers*, 777 F.3d at 1312.  Thus, the residual exception does not apply.

*B.*

Hambrick argues that other evidence[3] demonstrated that material facts were in dispute on the dram shop act claim.  Specifically, Hambrick argues that the district court improperly found that Watson was not working for Wells Fargo on the date of the accident.  Hambrick tries to twist the district court's conclusion by pointing to evidence that Watson worked for Wells Fargo in August 2019.  There is no dispute that Watson was employed by Wells Fargo during that time.  Rather, Hambrick had to show that on the day of the accident, Wells Fargo served a noticeably intoxicated Watson with the knowledge that Watson would be driving soon.  No evidence shows that Wells Fargo was hosting an event that night or that Wells Fargo furnished the alcohol, which is required to impose liability under Georgia's dram shop act.  *See Kappa Sigma*

---

[2] Wells Fargo's corporate representative provided deposition testimony about its policies and procedures in hosting client events, including that any company sponsored event would have recorded contracts with caterers or companies.

[3] Hambrick still references Watson's statement to police in this argument, but as discussed above, that statement is inadmissible hearsay and cannot be considered when determining whether summary judgment was proper.

24-13279              Opinion of the Court                    11

*Int'l Fraternity v. Tootle*, 473 S.E.2d 213, 215 (Ga. Ct. App. 1996). Thus, the district court properly granted summary judgment for Wells Fargo.

## IV.

Therefore, the district court did not err in finding that Watson's statement that he was coming from a work event on the night of the accident could not be reduced to an admissible statement. Further, the district court correctly found that Hambrick provided no admissible evidence to show that Wells Fargo served Watson alcohol as required under the Georgia dram shop act.

**AFFIRMED.**